# STEVENS & LEE
## LAWYERS & CONSULTANTS

485 Madison Avenue, 20th Floor
New York, NY 10022
(212) 319-8500 Fax (212) 319-8505
www.stevenslee.com

| | |
|---|---|
| Direct Dial: | (212) 537-0409 |
| Email: | cp@stevenslee.com |
| Direct Fax: | (610) 371-1237 |

August 9, 2019

**ELECTRONIC FILING AND EMAIL (mkv.chambers@nysb.uscourts.gov)**

Honorable Mary Kay Vyskocil
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green, Room 501
New York, NY 10004

Re: **In re First Wives Entertainment Limited Liability Company, Case No. 16-11345; Cohen v. AllCity Family Healthcare Center, Inc. d/b/a AllCity Surgical, Adv. Pro. No 18-01640; Cohen v. Hassan, Adv. Pro. No. 18-01644; Cohen v. Pierpont, Adv. Pro. No. 18-01645**

Dear Judge Vyskocil:

My firm is counsel to AllCity Family HealthCare Center, Nasser Hassan and Richard Pierpont, each a defendant (collectively, the "Defendants") in the respective above-captioned adversary proceedings commenced by the Chapter 7 Trustee. Pursuant to the Order entered by the Court on May 8, 2019 and Local Bankruptcy Rule 7056-1(a), the Defendants respectfully seek permission to file a motion for summary judgment in their respective adversary proceedings.

Each Complaint alleges that the Debtor did not receive reasonably equivalent value for the respective transfers to each of the Defendants. The Defendants believe they are entitled to summary judgment because they have, in fact, provided reasonably equivalent value to the Debtor in consideration for such transfers. The Defendants' legal theory is based on simple hornbook law and the facts are uncontroverted: a third party authorized to manage each of the Defendants' funds used such funds to make loans to the Debtor. When the time came for the Debtor to repay the loans, the third party directed the Debtor to transfer the funds directly to each of the Defendants, rather than first repaying the third party who, in turn, would have then repaid each of the Defendants. In substance, the transfers to the Defendants constitute the repayments of loans by the Debtor, which is the quintessential definition of reasonably equivalent value. Indeed, the Trustee admitted this in his deposition testimony.

Allentown • Bala Cynwyd • Charleston • Cleveland • Fargo • Fort Lauderdale • Harrisburg • Lancaster
New York • Philadelphia • Princeton • Reading • Rochester • Scranton • Valley Forge • Wilkes-Barre • Wilmington
A PROFESSIONAL CORPORATION

SL1 1597383v2 112806.00001

As such, the Defendants request the Court (i) grant permission for each of them to file a motion for summary judgment in their respective adversary proceedings and (ii) schedule a conference to address a briefing schedule. Thank you.

Respectfully submitted,

STEVENS & LEE

Constantine D. Pourakis

CP:mot

cc (via email):
Sanford Rosen, Esq. (srosen@rosenpc.com), Trustee's Counsel
Yong Hyun ("Justin") Ryu, Esq. (jryu@rosenpc.com), Trustee's Counsel